■ JOSEPH FERNICOLA et al., Appellants, v BENENSON CAPITAL COMPANY, Sued Herein as BENENSON CAPITAL CORP., Defendant and Third-Party Plaintiff-Respondent. CITY OF NEW YORK, DEPARTMENT OF SOCIAL SERVICES, Third-Party Defendant-Respondent. [676 NYS2d 610] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated August 15, 1997, as denied their motion for summary judgment on their cause of action asserted under Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Joseph Fernicola slipped on grease on the rung of a scaffold as he was descending it, causing him to fall to the ground. Subsequently, he and his wife commenced this action against Benenson Capital Company, sued herein as Benenson Capital Corp. (hereinafter Benenson), the owner of the building where the accident occurred. Benenson commenced a third-party action against the City of New York, Department of Social Services, as the injured plaintiff's employer and as the

lessee of the building. After examinations before trial were held, the plaintiffs moved for summary judgment as to liability under their Labor Law § 240 (1) cause of action.

Pursuant to Labor Law § 240 (1), an owner is required to furnish a worker with "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices which shall be so constructed, placed and operated as to give proper protection" from height-related defects (Labor Law § 240 [1]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Here, the scaffold was not defective and did not move or collapse. The cause of the accident was apparently a foreign substance which found its way onto the rungs of the scaffold. Accordingly, the plaintiffs did not establish as a matter of law that Fernicola was not furnished with "proper protection" (*Romano v Hotel Carlyle Owners Corp.*, 226 AD2d 441, 442). Bracken, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.