■ RAYMUNDO RAMIREZ, Appellant, v CABLEVISION SYSTEMS CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. TELECOMMUNICATIONS CABLE CORPORATION, Third-Party Defendant-Respondent. [707 NYS2d 129] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated September 3, 1998, as denied his cross motion for summary judgment on his cause

of action to recover damages pursuant to Labor Law § 240 (1), and the defendant third-party plaintiff, Cablevision Systems Corp. s/h/a Cablevision of Long Island, separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment on the third-party claims for common-law and contractual indemnification against the third-party defendant, Telecommunications Cable Corporation.

Ordered that the order is affirmed, without costs or disbursements.

The evidence submitted does not exclude the possibility that some factor other than the alleged violation of Labor Law § 240 (1) might have been the proximate cause of the accident, and the plaintiff thus failed to establish his right to summary judgment on the issue of liability under that statute (*see, Fernicola v Benenson Capital Co.*, 252 AD2d 567, 568; *Romano v Hotel Carlyle Owners Corp.*, 226 AD2d 441, 442).

The Supreme Court correctly denied the motion insofar as it sought a conditional order of indemnification pending the trial of the main action, on the basis that such an order would violate the anti-subrogation rule. Pursuant to that rule, the third-party defendant will be liable to the defendant third-party plaintiff only to the extent that the plaintiff obtains a recovery which exceeds the limits of the liability insurance policy purchased by the third-party defendant in which the defendant third-party plaintiff is named as an additional insured (*see, North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281; *Small v Yonkers Contr.*, 242 AD2d 378).

The parties' remaining contentions are without merit. Bracken, J. P., Joy, Goldstein and Luciano, JJ., concur.