■ EDWARD J. DUNN et al., Respondents, v CONSOLIDATED EDISON CO. OF NEW YORK, INC., Appellant. [707 NYS2d 420] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about October 1, 1999, which granted plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff, a boilermaker, was injured while removing a blank flange during the renovation of one of defendant's plants. The flange fell, shifting the steel grating on the floor on which plaintiff's A-frame ladder was positioned, and then struck the ladder, both of which actions of the flange caused the ladder to become unsteady, resulting in plaintiff's fall and injury. It is plain that the ladder used by plaintiff was not an adequate safety device for the task plaintiff had been directed to perform, entailing work at a significant elevation removing heavy pipe components. Defendant's failure to furnish a safety device sufficient to protect plaintiff against the elevation-related risk posed by the assigned work constituted a breach of the duty imposed by Labor Law § 240 (1) (see, Gordon v Eastern Ry. Supply, 82 NY2d 555, 561; compare, Weber v 1111 Park Ave. Realty Corp., 253 AD2d 376), and regardless of the propriety of the method plaintiff utilized in removing the flange, that failure " 'was a substantial cause of the events which produced the injury' " (Gordon v Eastern Ry. Supply, supra, at 562, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Indeed, there is no view of the evidence that supports a contrary conclusion (compare, Avner v 93rd St. Assn., 147 AD2d 414). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Friedman, JJ.