■ ANDREW WARREN et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 84086.) [711 NYS2d 450] —In a claim to recover damages for personal injuries, etc., based on negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6), the defendant appeals from a judgment of the Court of Claims (Lebous, J.), dated February 5, 1999, which, *inter alia,* upon an order of the same court (Nadel, J.), entered February 2, 1998, granting partial summary judgment on the issue of liability on the cause of action based on violation of Labor Law § 240 (1), and after a trial on the issue of damages only, is in favor of the claimant Andrew Warren and against it in the principal sum of $671,393; and in favor of the claimant Zenia Warren and against it in the principal sum of $30,000, and the claimants cross-appeal, as limited by their brief, from so much of the judgment as failed to award damages for loss of future earnings.

Ordered that the cross appeal by the claimant Zenia Warren is dismissed, without costs or disbursements, as she is not aggrieved by the portion of the judgment cross-appealed from; and it is further,

Ordered that the judgment is reversed, on the law, and a new trial is ordered on the issue of liability only, in accordance herewith, with costs to abide the event; and it is further,

Ordered that the findings of fact on the issue of damages are affirmed.

As he was leaving the cab of a backhoe, the injured claimant slipped on the highest of three rungs attached to the backhoe and fell approximately five feet to the ground. There are issues of fact as to whether this slip and fall was caused solely or partially by an accumulation of grease, or by one of several alleged defects in the backhoe itself.

In light of these and all the other circumstances presented, the claimants failed to show entitlement to judgment as a matter of law on their cause of action based on violation of Labor Law § 240 (1) (*see, Fernicola v Benenson Capital Co.,* 252 AD2d 567; *see also, Ramirez v Cablevision Sys. Corp.,* 271 AD2d 424;

*Ross v Threepees Realty Corp.,* 258 AD2d 575; *Springer v Clark Publ. Co.,* 171 AD2d 914; *cf., Dawson v Pavarini Constr. Co.,* 228 AD2d 466). The case of *Covey v Iroquois Gas Transmission Sys.* (218 AD2d 197, *affd* 89 NY2d 952), relied upon by the claimants, concerned a fall from a defective guardrail on a backhoe. Here there is an issue of fact as to whether any defect in the backhoe contributed to the accident. Accordingly, the defendant is entitled to a trial on the issue of liability on the cause of action based on violation of Labor Law § 240 (1).

In its order entered February 2, 1998, the Court of Claims, *inter alia,* found that questions of fact existed concerning the causes of action to recover damages for violations of Labor Law §§ 200 and 241 (6), and denied those branches of the claimants' motion and the defendant's cross motion which were for summary judgment on those causes of action. We agree that neither party demonstrated entitlement to judgment in their favor on those causes of action. Accordingly, as those causes of action are unresolved, the trial on the issue of liability can be on any theory alleged in the complaint.

The injured claimant's cross appeal is without merit. We agree with the defendant that the testimony adduced did not provide an adequate basis upon which the Court of Claims might have made an award for loss of future earnings without resorting to pure speculation. The injured claimant failed to meet his burden of establishing this item of damages with reasonable certainty (*see, e.g., Clanton v Agoglitta,* 206 AD2d 497, 499; *Davis v City of New York,* 264 AD2d 379). The findings of fact on the issue of damages are therefore affirmed (*see, e.g., Schabe v Hampton Bays Union Free School Dist.,* 103 AD2d 418). Bracken, J. P., Thompson, Altman and Krausman, JJ., concur.