■ FRANK PRASS et al., Appellants, v VIVA LOCO OF 110, INC., Defendant and Third-Party Plaintiff-Respondent. UNITED RANGER, INC., Doing Business as UNITED ELECTRONICS COMPANY, et al., Third-Party Defendants. [712 NYS2d 620] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated July 22, 1999, which denied their motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a trial on the issue of damages.

In September 1994 the defendant third-party plaintiff, Viva Loco of 110, Inc. (hereinafter Viva Loco) leased certain premises in Huntington (hereinafter the worksite). It then hired, among others, the third-party defendant, United Ranger, Inc., d/b/a United Electronics Company (hereinafter United), to assist in its renovation of the worksite.

On February 2, 1995, the plaintiff Frank Prass (hereinafter the plaintiff) was working for United as a mechanic. After he arrived at the worksite, his co-worker Nunzio Petrizzo placed an aluminum ladder, which was missing the rubber pads under its swing feet, against the wall of a building. Petrizzo went up to the roof without incident. The plaintiff then climbed the ladder, but the feet of the ladder slid, the ladder slipped, and the plaintiff fell to the ground and was injured.

After depositions were completed, the plaintiffs moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). The Supreme Court denied the motion on the ground that there was a question of fact as to whether Viva Loco was an agent of the owner or contractor. We disagree and reverse.

Frank Mandarino, the president of Viva Loco, testified that in addition to directly hiring the various contractors and tradespeople employed on the worksite, he had an office on the worksite and walked around the worksite daily. Mandarino

also coordinated the various phases of the work. He spent from 11 to 15 hours per day on the worksite. When he was asked if he had the authority to stop the work he stated, "I'm sure I did". This was sufficient proof that Viva Loco was a contractor, owner, or agent within the meaning of Labor Law § 240 (1). Thus, Viva Loco was strictly liable for any violation thereof which caused the plaintiff's injury (*see, Russin v Picciano & Son,* 54 NY2d 311, 318; *Sabato v New York Life Ins. Co.,* 259 AD2d 535).

The plaintiff's proof that he fell when an unsecured ladder, without rubber pads on the bottom of its feet, slipped out from under him, and that his injury proximately resulted therefrom, was sufficient to make out a prima facie case that he was injured as a result of a violation of Labor Law § 240 (1) (*see, e.g., Klein v City of New York,* 89 NY2d 833; *Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Sinzieri v Expositions, Inc.,* 270 AD2d 332 ; *Posillico v Laquila Constr.,* 265 AD2d 394; *Johnson v Rapisarda,* 262 AD2d 365).

Since Viva Loco failed to show the existence of any question of fact, the plaintiffs' motion for partial summary judgment should have been granted (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). Bracken, J. P., O'Brien, Thompson and Florio, JJ., concur.