■ DANIEL CUDDON, Respondent, v OLYMPIC BOARD OF MANAGERS et al., Appellants. (And a Third-Party Action.) [752 NYS2d 715] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Glover, J.), dated December 11, 2001, as denied that branch of their motion which was for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injuries when he fell from a ladder while installing insulation on the defendants' air conditioning unit. The defendants appeal from so much of an order of the Supreme Court as denied that branch of their motion which was for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 240 (1). We affirm.

Contrary to the defendants' contention, in opposition to their prima facie showing of entitlement to summary judgment the plaintiff established, as a matter of law, that the installation work he was performing was not routine maintenance, but constituted "altering" within the meaning of Labor Law § 240 (1) (see *Joblon v Solow,* 91 NY2d 457, 465; *Mannes v Kamber Mgt.,* 284 AD2d 310; *Garrant v New York Tel. Co.,* 179 AD2d 960).

We note that, contrary to the plaintiff's contention, the plaintiff is not entitled to summary judgment upon searching the record. Where, as here, the evidence does not establish that the ladder was defective, and there is inconsistent testimony as to whether the ladder collapsed, there is an issue of fact regarding whether the ladder provided proper protection (see *Bland v Manocherian,* 66 NY2d 452; *Williams v Dover Home Improvement,* 276 AD2d 626; *Moreta v State of New York,* 272 AD2d 593; *Benefield v Halmar Corp.,* 264 AD2d 794, 795). Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.