■ MARK OLBERDING et al., Appellants, v DIXIE CONTRACTING, INC., Defendant, and CITY OF NEW YORK, Respondent. [757 NYS2d 565] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated April 10, 2002, as denied their cross motion for summary judgment against the defendant City of New York on their cause of action to recover damages pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly denied their motion for summary judgment on their cause of action to recover damages pursuant to Labor Law § 240 (1). In support of their motion, the plaintiffs submitted evidence indicating that the injured plaintiff fell from a ladder affixed to cooling towers on the roof of a hospital. Although it is undisputed that the ladder was wet because of a leak in the cooling towers, which the injured plaintiff had been instructed to investigate and repair, the plaintiffs offered no evidence that the ladder was defective. A fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1) (*see Williams v Dover Home Improvement,* 276 AD2d 626, 627 [2000]; *Avendano v Sazerac, Inc.,* 248 AD2d 340, 341 [1998]; *see also Grogan v Norlite Corp.,* 282 AD2d 781, 782 [2001]). Therefore, where, as here, there is no evidence that the subject ladder was actually defective or inadequately secured, there is a question of fact as to whether it provided proper protection, and whether the injured worker should have been provided with additional safety devices (*see Cuddon v Olympic Bd. of Mgrs.,* 300 AD2d 616 [2002]; *Williams v Dover Home Improvement, supra; Zgoba v Easy Shopping Corp.,* 246 AD2d 539, 541 [1998]; *Sprague v Peckham Materials Corp.,* 240 AD2d 392,

393-394 [1997]; *Gange v Tilles Inv. Co.,* 220 AD2d 556, 558 [1995]). Furthermore, the fact that the ladder was wet does not entitle the plaintiffs to judgment as a matter of law on their cause of action to recover damages pursuant to Labor Law § 240 (1) (*see Warren v State of New York,* 274 AD2d 472 [2000]; *Ramirez v Cablevision Sys. Corp.,* 271 AD2d 424, 425 [2000]; *Fernicola v Benenson Capital Co.,* 252 AD2d 567, 568 [1998]). Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.