■ RICHARD COSTELLO, Appellant, v HAPCO REALTY, INC., Also Known as HAPPINESS LAUNDRY SERVICE CORP., Respondent. [761 NYS2d 79] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 8, 2002, which denied his motion for summary judg-

ment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1), and, upon searching the record, granted summary judgment to the defendant dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon searching the record, granted summary judgment to the defendant dismissing the complaint; as so modified, the order is affirmed, with costs to the plaintiff, and the complaint is reinstated.

We note that, because the plaintiff's motion for summary judgment was addressed solely to his cause of action based on Labor Law § 240 (1), the Supreme Court had no authority under CPLR 3212 (b) to search the record and grant summary judgment in favor of the defendant on the separate cause of action based on negligence, in the absence of any cross motion for such relief (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429 [1996]; see also Bondanella v Rosenfeld, 298 AD2d 941 [2002]). Although CPLR 3212 (b) authorizes the Supreme Court, and this Court, to search the record and grant summary judgment to the defendant with respect to the cause of action based on Labor Law § 240 (1), even in the absence of a cross motion by the defendant (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]; Rogers v C/S Assoc. Ltd. Partnership I, 273 AD2d 523 [2000]), such relief was not warranted under the facts of this case.

The plaintiff fell to the ground while descending a ladder. A triable issue of fact exists as to whether the plaintiff himself undermined the stability of the ladder after he slipped on one of the ladder's rungs, lost his balance, and then, only after his own downward trajectory already had begun, caused the ladder to slide away from him by suddenly shifting his weight or by suddenly grabbing or kicking parts of the ladder. In addition, there is an issue of fact as to whether the ladder first unpredictably lost its stability, slid out from under the plaintiff, and, in so doing, caused him to fall downward as the result of his loss of support. Such issues of fact preclude the grant of summary judgment in favor of either party (see Weininger v Hagedorn & Co., 91 NY2d 958, 960 [1998]; Olberding v Dixie Contr., 302 AD2d 574 [2003]; Blake v Neighborhood Hous. Servs. of N.Y. City, 301 AD2d 366 [2003]; Cuddon v Olympic Bd. of Mgrs., 300 AD2d 616 [2002]; Williams v Dover Home Improvement, 276 AD2d 626 [2000]; Warren v State of New York, 274 AD2d 472 [2000]; Ramirez v Cablevision Sys. Corp., 271 AD2d 424, 425 [2000]; Gange v Tilles Inv. Co., 220 AD2d 556 [1995]; cf. Klein v City of N.Y., 89 NY2d 833, 835 [1996]; Peter v Nisseli Realty Co., 300 AD2d 289 [2002]; Bonanno v

*Port Auth. of N.Y. & N.J.,* 298 AD2d 269 [2002]; *Camacho v 101 Ellwood Tenants Corp.,* 289 AD2d 102 [2001]).

While the plaintiff established a prima facie case for summary judgment under Labor Law § 240 (1) by submitting proof that the ladder "slid out from under him" (*Peter v Nisseli Realty Co., supra* at 290; *see also Klein v City of New York, supra* at 835; *Prass v Viva Loco of 110,* 275 AD2d 403 [2000]), the defendant raised an issue of fact as to whether the ladder's collapse was a subsequent effect, rather than a preceding cause, of the plaintiff's slipping off one of the ladder's rungs and his consequent fall.

Proof of a plaintiff's fall from a ladder, without more, is not sufficient to establish liability under Labor Law § 240 (1) (*see Weininger v Hagedorn & Co., supra* at 960; *Olberding v Dixie Contr., supra; Williams v Dover Home Improvement, supra*). This rule should apply irrespective of whether the plaintiff, in an effort to avoid falling, pushes the ladder away and causes it subsequently to collapse (*but see Orellano v 29 E. 37th St. Realty Corp.,* 292 AD2d 289 [2002]). If the plaintiff's fall to the ground was the result of his having merely slipped off of a defect-free and properly-secured ladder, rather than the result of the ladder having first inexplicably collapsed underneath him due to its having been inadequately secured, then the defendant would not be liable under Labor Law § 240 (1).

In light of these issues of fact, neither party was entitled to summary judgment on the plaintiff's cause of action under Labor Law § 240 (1). Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.