■ MIRIAM GREENFIELD et al., Appellants, v SAMUEL KENAN, Respondent. [773 NYS2d 444]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated March 12, 2003, which denied their motion to vacate the dismissal of the action, to restore the action to the trial calendar, and for leave to amend their bill of particulars.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the dismissal is vacated, the action is restored to the trial calendar, and the proposed amended bill of particulars is deemed served.

After providing expert disclosure pursuant to CPLR 3101 (d) (1), the plaintiffs were unable to proceed to trial on the ground that their medical expert was no longer available to testify. The Supreme Court, by order dated October 1, 2002, dismissed the

action without prejudice to a motion to vacate the dismissal within 45 days "[s]aid motion [to] be accompanied by an affidavit of an expert which identifies the expert and sets forth the theory of liability, and factual basis of same." The propriety of that order is not before us, since no appeal was taken from it.

In compliance with that order, the plaintiffs moved within 45 days to restore the action to the trial calendar based upon the affirmation of an expert who stated that after the defendant doctor performed surgery on the injured plaintiff's foot on August 24, 1999, he "missed two critical opportunities to diagnose [an] infection and to give timely treatment" on September 22, 1999, when the injured plaintiff returned for a post-operative visit and on December 3, 1999, when she complained of acute swelling and pain. Thereafter, the plaintiffs, in response to the defendant's contention that their bill of particulars did not assert the theory of liability asserted by the expert, served a supplemental notice of motion seeking leave to amend their bill of particulars to recite the factual assertions of the expert.

The order appealed from denied the plaintiffs' motion on the ground that the "plaintiff's new expert's theory of liability is markedly different" than the theories asserted in the original bill of particulars. However, the plaintiffs' original bill of particulars alleged that the plaintiff needed antibiotics and the defendant should "have aspirated [the] plaintiff's condition" which was an abscess and which ultimately required a 12-day hospital stay and administration of intravenous antibiotics. The theory of liability asserted in the affirmation of the plaintiffs' expert is in fact asserted in the original bill of particulars, the difference being that the expert limited the dates of the defendant's negligence to the period from September 22, 1999, to December 3, 1999, while the original bill of particulars encompassed the period from July 9, 1999, through December 3, 1999, and further alleged that the operation performed in August 1999 was unnecessary. The plaintiffs' proposed amendment to the bill of particulars limited the triable issues.

In view of the foregoing, the plaintiffs' motion should have been granted in its entirety.

The defendant's remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.