■ RAQUEL SINGH et al., Appellants, v LISA ROSENBERG et al., Respondents. [821 NYS2d 121]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Kelly, J.), entered December 7, 2004, which, upon an order of the same court dated November 9, 2004, granting that branch of the defendants' motion which was for summary judgment dismissing the complaint, and denying as academic their cross motion for leave to serve an amended bill of particulars, to vacate the note of issue, and to direct the defendants to produce certain deposition witnesses, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied, the complaint is reinstated, those branches of the plaintiffs' cross motion which were for leave to serve an amended bill of particulars and for leave to depose nurses Hollenstein and Barletta are granted, the amended bill of particulars is deemed served, the matter is remitted to the Supreme Court, Queens County, to set a schedule for completion of discovery, including the depositions of nurses Hollenstein and Barletta and a physical examination of the plaintiff Raquel Singh, and the order dated November 9, 2004 is modified accordingly.

On March 22, 2000 the plaintiff Raquel Singh was admitted to Long Island Jewish Medical Center to deliver a stillborn child. Cytotec, also known as misoprostol, was administered to her. After delivery, the plaintiff Raquel Singh underwent an emergency hysterectomy to control bleeding.

The plaintiffs' original bill of particulars dated June 19, 2002 alleged, inter alia, that administration of Cytotec was not approved by the Food and Drug Administration for cervical ripening or induction of labor and that bleeding is a known complication, and that the defendants failed "to observe appropriate dosages of an off-use drug."

In February 2004 the defendants moved, inter alia, for summary judgment dismissing the complaint based upon the affidavit of an expert stating that Cytotec was the appropriate drug used to induce labor and did not contribute to the hemorrhage, and upon the July 2003 deposition testimony of the defendant Lisa Rosenberg, who testified at her deposition that 200 milligrams of Cytotec was administered at 5:30 P.M. on March 22, 2000 and another dosage of 50 milligrams was administered six hours later.

The plaintiffs cross-moved, inter alia, for leave to serve an amended bill of particulars and for leave to depose additional witnesses relating to the dosage of Cytotec administered to the plaintiff Raquel Singh, including nurse Hollenstein, who allegedly "documented the order for the administration of Cytotec" and nurse Barletta, who witnessed the administration of Cytotec.

In opposition to that branch of the defendants' motion which was for summary judgment dismissing the complaint, the plaintiffs' expert submitted an affidavit which stated that proper dosages of Cytotec were 25 to 50 micrograms every six hours; therefore the dosages administered were 400 times the recommended dosages, creating a risk of uterine hyperstimulation

leading to hemorrhage. His opinion was supported by scientific literature linking higher dosages of Cytotec with a high rate of contractions and uterine hyperstimulation.

Rosenberg, in reply, submitted an errata sheet correcting her deposition to read micrograms instead of milligrams and alleging that "dosage . . . is premeasured and only available in micrograms."

The Supreme Court granted summary judgment to the defendants on the grounds, inter alia, that the testimony of Rosenberg relied on by the plaintiffs' expert was a misstatement by her which was corrected in her reply papers. The plaintiffs' cross motion was denied as academic.

In reaching its determination, the Supreme Court improperly considered Rosenberg's belated corrections to her deposition, which were made and submitted in her reply papers (*see Almonte v Western Beef, Inc.*, 21 AD3d 514 [2005]; *Perez v Mekulovic*, 13 AD3d 158, 158-159 [2004]). Moreover, the conflict between the original deposition and the errata sheet created "an issue of credibility inappropriate for summary judgment treatment" (*Binh v Bagland USA*, 286 AD2d 613, 614 [2001]).

Turning to the cross motion, the plaintiffs' note of issue dated October 9, 2003 stated that the plaintiffs still had to depose "Nurse Hollenst [*sic*]" and the pharmacy director of the hospital, and the defendants were entitled to a physical examination of the plaintiff Raquel Singh. At the time the cross motion was made, discovery was not complete and it was not made on the eve of trial.

Amendment of a bill of particulars is freely given absent prejudice or surprise unless the amendment is sought on the eve of trial (*see Princeton Holding Corp. v Kapelow*, 272 AD2d 532, 533 [2000]; CPLR 3025). The amended bill of particulars in fact limited the triable issues before the Supreme Court. Accordingly, leave to amend the bill of particulars should have been granted and the amended bill of particulars deemed served (*see Greenfield v Kenan*, 5 AD3d 545, 546 [2004]). Further, the plaintiffs should be afforded an opportunity to depose nurses Hollenstein and Barletta. Nurse Hollenstein's deposition was sought before the filing of the note of issue and the deposition testimony of both witnesses is material and necessary to the plaintiffs' claim that excessive dosages of Cytotec were administered. Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur.