*548 In an action to recover damages for personal injuries, the defendant 58/59 Acquisition Co., LE¡ appeals, as limited by its brief and by stipulation dated February 26, 2008, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated November 16, 2007, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant 58/59 Acquisition Co., LI] which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and violation of Labor Law § 200 insofar as asserted against it, and substituting therefor provisions granting those branches of the motion and, upon searching the record, the plaintiffs motion for summary judgment on the issue of liability on the cause of action to recover damages for violation of Labor Law § 240 (1) is granted; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff was disassembling the pipes of a defunct sprinkler system attached to a cooling tower located on the roof of an office building leased by the defendant 58/59 Acquisition Co., LP (hereinafter the defendant), when he fell through the floor of the tower and sustained injuries. The plaintiff commenced this action, asserting causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).
Labor Law § 240 (1) imposes an obligation on “contractors and owners and their agents” to provide suitable safety devices to employees who are working at an elevated height and who are engaged in the “altering ... of a building or structure.” “ ‘Altering’ within the meaning of Labor Law § 240 (1) requires making a significant physical change to the configuration or composition of the building or structure” (Joblon v Solow, 91 NY2d 457, 465 [1998]). The sprinkler system, which was at *549 tached to the cooling tower, consisted of numerous metal pipes, and was not a temporary installation. Thus, the plaintiff’s dismantling of the sprinkler system constituted the alteration of the structure within the meaning of Labor Law § 240 (1) (see Becker v ADN Design Corp., 51 AD3d 834 [2008]; Fitzpatrick v State of New York, 25 AD3d 755, 757 [2006]; Cuddon v Olympic Bd. of Mgrs., 300 AD2d 616, 617 [2002]). Accordingly, the trial court properly denied that branch of the defendant’s motion which was for summary judgment dismissing the plaintiff’s Labor Law § 240 (1) cause of action. Moreover, under the circumstances, we search the record and grant the plaintiffs motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action (see CPLR 3212; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280 [2003]).
Labor Law § 241 (6) requires that safeguards be taken with regard to “[a]ll areas in which construction, excavation or demolition work is being performed” (see Pino v Robert Martin Co., 22 AD3d 549 [2005]). Demolition is defined as “work incidental to or associated with the total or partial dismantling or razing of a building or other structure including the removing or dismantling of machinery or other equipment” (12 NYCRR 23-1.4 [b] [16]). Here, the plaintiff was in the process of demolishing a part of the sprinkler system attached to a cooling tower. This work constituted the demolition of a structure within the meaning of Labor Law § 241 (6). Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was for summary judgment dismissing the plaintiff’s Labor Law § 241 (6) cause of action.
Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction-site workers with a safe place to work (see Reinoso v Ornstein Layton Mgt., Inc., 19 AD3d 678, 679 [2005]). For liability to attach in an action based on the manner or method of the work, the defendant must have authority to supervise or control the performance of the work (see Ortega v Puccia, 57 AD3d 54, 62-63 [2008]). The record is devoid of evidence that the defendant had authority to supervise or control the work being performed. The evidence established that the only personnel who supervised the work were employed by the plaintiffs employer, not by the defendant. While there was deposition testimony that the plaintiff was instructed to walk on the beams (as opposed to on the floor) inside the cooling tower, that it was standard practice to instruct employees to walk on the beams, and that this was recommended in industry guidelines, this testimony was furnished by the plaintiffs *550 supervisor, who, again, was employed by the plaintiffs employer, not by the defendant. Moreover, although there may have been a sign on the access door of the cooling tower warning against walking on the floor, there was no evidence to suggest that the defendant posted this sign. Accordingly, the trial court should have granted those branches of the defendant’s motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and violation of Labor Law § 200 insofar as asserted against it.
In light of our determination, we need not reach the defendant’s remaining contention. Skelos, J.E, Ritter, Garni and Dickerson, JJ., concur.