■ LEROY CHIN-SUE, Appellant, v CITY OF NEW YORK et al., Respondents, and INTERNATIONAL BUSINESS MACHINES CORP., Defendant/Third-Party Plaintiff-Respondent. CROSS-COUNTY TELEPHONE SYSTEMS, INC., Third-Party Defendant-Respondent. [919 NYS2d 870]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered August 13, 2009, as, in effect, granted those branches of the motion of the third-party defendant, Cross-County Telephone Systems, Inc., and the cross motion of the defendants City of New York, New York City Board of Education, and International Business Machines Corp. which were for summary judgment

dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), and denied his cross motion for leave to serve an amended bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants and the third-party defendant appearing separately and filing separate briefs.

The defendants and the third-party defendant demonstrated that the ladder from which the plaintiff fell was not defective or inadequate, and that the plaintiff fell because he lost his balance (see *Xidias v Morris Park Contr. Corp.*, 35 AD3d 850, 851 [2006]; *Molyneaux v City of New York*, 28 AD3d 438, 439 [2006]; *Costello v Hapco Realty*, 305 AD2d 445, 447 [2003]; *Olberding v Dixie Contr.*, 302 AD2d 574 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court correctly awarded summary judgment to the defendants and the third-party defendant dismissing the Labor Law § 240 (1) cause of action. The defendants and the third-party defendant also established, prima facie, that they did not violate any applicable provision of the Industrial Code. Accordingly, they established their entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action. In opposition, the plaintiff failed to raise a triable issue of fact. Consequently, the Supreme Court correctly awarded summary judgment to the defendants and the third-party defendant dismissing that cause of action as well.

A determination of a motion for summary judgment cannot be avoided by a claimed need for discovery unless the party opposing the motion demonstrates that discovery may lead to relevant evidence (see CPLR 3212 [f]; *Nash v Baumblit Constr. Corp.*, 72 AD3d 1037, 1040 [2010]). Here, the plaintiff failed to make the requisite showing. Accordingly, the Supreme Court properly granted those branches of the respective motion and cross motion of the third-party defendant and the defendants which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6).

The Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion for leave to serve an amended bill of particulars after the filing of the note of issue (see CPLR 3042 [b]; see generally *Singh v Rosenberg*, 32 AD3d 840, 842 [2006]). Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.