■ MICHAEL GASPAR et al., Appellants, v PACE UNIVERSITY et al., Respondents. [957 NYS2d 393]—

On May 20, 2009, the injured plaintiff was working as an asbestos handler for a construction company performing asbestos removal at a building owned by the defendant Dormitory Authority of the State of New York and leased by the defendant Pace University. After the injured plaintiff's supervisor directed him to replace light bulbs in a decontamination area, the injured plaintiff set up a six-foot A-frame ladder provided by his employer. The injured plaintiff inspected the ladder for stability prior to using it. Moreover, while working in the decontamination area, he wore a full face mask with a filter and respirator. He changed the first light bulb without incident. After changing the second light bulb, his face mask became hooked on a cable hanging from the ceiling. In an effort to dislodge the mask from the cable, the injured plaintiff shook his head back and forth, during which time he lost his balance and fell from the ladder, allegedly sustaining injuries. Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action. The Supreme Court denied the plaintiffs' motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) and granted those branches of the defendants' cross motion which were for summary judgment dismissing those causes of action.

"Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17

NY3d 369, 374 [2011]). "To prevail on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Lopez-Dones v 601 W. Assoc., LLC*, 98 AD3d 476, 479 [2012]; *see Berg v Albany Ladder Co., Inc.*, 10 NY3d 902, 904 [2008]; *Robinson v East Med. Ctr., LP*, 6 NY3d 550 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]). Here, the defendants demonstrated that the ladder from which the injured plaintiff fell was not defective or inadequate, and that the ladder did not otherwise fail to provide protection; rather, the injured plaintiff fell because he lost his balance (*see Chin-Sue v City of New York*, 83 AD3d 643, 644 [2011]; *Xidias v Morris Park Contr. Corp.*, 35 AD3d 850, 851 [2006]; *Molyneaux v City of New York*, 28 AD3d 438, 439 [2006]; *Costello v Hapco Realty*, 305 AD2d 445, 447 [2003]; *Olberding v Dixie Contr.*, 302 AD2d 574 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and properly granted that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action.

The Supreme Court also properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), and denied that branch of the plaintiffs' motion which was for summary judgment on that cause of action. The defendants established, prima facie, that Industrial Code (12 NYCRR) § 23-1.7 (e) (2) is inapplicable to the facts of this case, as the injured plaintiff did not trip, nor did he cut himself on any hazard that was on the floor (*see Urbano v Rockefeller Ctr. N., Inc.*, 91 AD3d 549, 550 [2012]; *Cooper v State of New York*, 72 AD3d 633, 635 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact. Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.