In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Nahman, J), entered November 7, 2012, as denied that branch of his motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and searched the record and awarded summary judgment in favor of the plaintiff on the issue of liability on that cause of action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) is granted.
In or around mid-March 2010, the defendant, who owned residential property located in Corona, Queens, hired the plaintiff, a self-employed painting contractor, to paint the second-floor exterior of the premises. On March 31, 2010, the plaintiff, while standing on the second-highest rung of a 24-foot extension ladder, which he owned and brought to the work site, lost his balance and fell to the ground, allegedly sustaining serious injuries. Prior to the accident, the ladder did not move or slip, and it remained in an upright position after the plaintiff fell off of it.
In September 2010, the plaintiff commenced this action against the defendant, alleging violations of Labor Law §§ 200, 240 (1) and 241 (6). After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The plaintiff opposed only that branch of the motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action. The Supreme Court granted those branches of the motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6), but denied that branch of the motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). It also searched the record pursuant to CPLR 3212 (b) and awarded summary judgment to the plaintiff on the issue of liability on the Labor Law § 240 (1) cause of action.
“ ‘Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent *745 in elevated work sites’ ” (Probst v 11 W. 42 Realty Invs., LLC, 106 AJD3d 711, 711 [2013], quoting McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011]). “ ‘To prevail on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries’ ” (Gaspar v Pace Univ., 101 AD3d 1073, 1074 [2012], quoting Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d 476, 479 [2012]). “The mere fact that a plaintiff fell from a ladder does not, in and of itself, establish that proper protection was not provided” (Delahaye v Saint Anns School, 40 AD3d 679, 682 [2007]; see Esteves-Rivas v W2001Z/15CPW Realty, LLC, 104 AD3d 802, 803-804 [2013]; Artoglou v Gene Scappy Realty Corp., 57 AD3d 460, 461 [2008]; Xidias v Morris Park Contr. Corp., 35 AD3d 850, 851 [2006]). There must be evidence that the ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff’s injuries (see Artoglou v Gene Scappy Realty Corp., 57 AD3d at 461). Where a plaintiff falls off the ladder because he or she lost his or her balance, and there is no evidence that the ladder from which the plaintiff fell was defective or inadequate, liability pursuant to Labor Law § 240 (1) does not attach (see Gaspar v Pace Univ., 101 AD3d at 1074; Chin-Sue v City of New York, 83 AD3d 643, 644 [2011]). To impose liability under such circumstances would make a defendant an insurer of the workplace, a result which the Legislature never intended in enacting Labor Law § 240 (1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 286 [2003]; Molyneaux v City of New York, 28 AD3d 438, 439 [2006]).
Here, the Supreme Court should have granted that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). The defendant demonstrated his prima facie entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff’s deposition testimony and his own deposition testimony, which demonstrated that the ladder from which the plaintiff fell was not defective or inadequate and that the ladder did not otherwise fail to provide protection; rather, the plaintiff fell because he lost his balance (see Gaspar v Pace Univ., 101 AD3d at 1074; Chin-Sue v City of New York, 83 AD3d at 644). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). For the same reasons, the Supreme Court improperly searched the record and awarded the plaintiff summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action (see Esteves-Rivas v W2001Z/15CPW Realty, LLC, 104 AD3d at 804).
*746 The plaintiff’s remaining contentions are without merit. Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.