■ THOMAS DEGEN et al., Appellants, v UNIONDALE UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-

Respondent, and Conor Construction Consultant, Inc., et al., Respondents. Herrick's Mechanical Corporation, Third-Party Defendant-Respondent. [980 NYS2d 790]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), dated February 3, 2012, as denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant Uniondale Union Free School District, without prejudice to renewal upon the completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In order to establish liability under Labor Law § 240 (1), there must be a violation of the statute, and the violation must be a proximate cause of the plaintiff's injury (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]; Hugo v Sarantakos, 108 AD3d 744, 745 [2013]). However, not every fall from a ladder establishes that the ladder did not provide proper protection (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288-289 [2003]; Esteves-Rivas v W2001Z/15CPW Realty, LLC, 104 AD3d 802, 803 [2013]).

Here, the plaintiffs' own submissions demonstrated the existence of triable issues of fact, inter alia, as to how the injured plaintiff's accident occurred, including whether he fell because he merely lost his balance (see Robinson v Goldman Sachs Headquarters, LLC, 95 AD3d 1096, 1097-1098 [2012]; Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [2012]; Chin-Sue v City of New York, 83 AD3d 643, 644 [2011]). In any event, the defendants and the third-party defendant demonstrated that the plaintiffs' motion was premature, as further discovery may lead to relevant evidence (see CPLR 3212 [f]; Juseinoski v New York Hosp. Med. Ctr. of Queens, 29 AD3d 636, 637 [2006]).

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant Uniondale Union Free School District, without prejudice to renewal upon the completion of discovery. Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.