Pacheco v Recio (2019 NY Slip Op 00291)





Pacheco v Recio


2019 NY Slip Op 00291


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-08235
2016-08236
 (Index No. 11725/12)

[*1]Angel Pacheco, appellant, 
v
Marta Recio, respondent, et al., defendant.


Paris & Chaikin, PLLC (The Altman Law Firm, PLLC, New York, NY [Michael T. Altman], of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, Mineola, NY (John J. Nicolini of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Kings County (Carolyn E. Wade, J.), both dated June 3, 2016. The first order, insofar as appealed from, granted that branch of the motion of the defendant Marta Recio which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against her. The second order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Marta Recio.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On February 28, 2012, the plaintiff, an employee of nonparty Cristobel Ortez, was working as a construction laborer and was installing sheetrock at the residential premises owned by the defendant Marta Recio. The plaintiff alleged that he fell as he stood on the third rung of a six-foot metal A-frame ladder while holding a small piece of sheetrock in one hand, and allegedly sustained injuries. The plaintiff commenced this action against, among others, Recio, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), 241, and 242-a. Thereafter, the plaintiff moved for summary judgment on the complaint, and Recio moved for summary judgment dismissing the complaint insofar as asserted against her.
We agree with the Supreme Court's determination to grant that branch of Recio's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against her. Recio demonstrated her prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action by submitting, inter alia, the plaintiff's deposition testimony, which showed that the ladder from which the plaintiff fell was not defective or inadequate and that the ladder did not otherwise fail to provide protection. The evidence showed that the plaintiff fell because he lost his balance (see Gaspar v Pace Univ., 101 AD3d 1073; Chin-Sue v City of New York, 83 AD3d 643). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
For the same reasons, we agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for summary judgment on his Labor Law § 240(1) cause of action insofar as asserted against Recio.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court