■ MARK M. BUTIGIAN et al., Appellants, v PORT AUTHORITY
OF NEW YORK AND NEW JERSEY et al., Respondents. GUY
CARPENTER & CO., INC., Third-Party Plaintiff, v COMPUTERCOOL
AIR CONDITIONING CORP., Third-Party Defendant. (And An-
other Third-Party Action.) [699 NYS2d 41] —Order, Supreme
Court, New York County (Leland DeGrasse, J.), entered June
25, 1998, which, in an action for personal injuries sustained by
a laborer when he fell from a ladder while pulling ductwork
from a ceiling, insofar as appealed from, denied plaintiff's mo-
tion for partial summary judgment on the issue of defendants

owner's, tenant's and construction manager's liability under Labor Law § 240 (1), and granted defendants' cross motions for summary judgment dismissing plaintiff's claims under Labor Law § 200, unanimously modified, on the law, to reinstate plaintiff's claim under Labor Law § 200 as against defendant construction manager, John Gallin & Son Inc., and otherwise affirmed, without costs.

An issue of fact exists as to whether defendants failed to furnish plaintiff with proper protection in violation of Labor Law § 240 (1) (compare, Kijak v 330 Madison Ave. Corp., 251 AD2d 152). Plaintiff's claims under Labor Law § 200 were properly dismissed as against defendants owner and tenant of the worksite premises, there being no evidence that they exercised supervisory control over plaintiff's work (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876). However, they should not have been dismissed as against the construction manager, whose supervisor testified that it was responsible for removal of debris from the worksite, and there being an issue of fact as to whether, as plaintiff testified, the ladder slipped because of debris and water on the floor. Concur— Ellerin, P. J., Williams, Lerner, Rubin and Saxe, JJ.