■ RAUL V. ZEVALLOS et al., Appellants, v TREECO PLAINVIEW LIMITED PARTNERSHIP, Sued Herein as TREECO PLAINVIEW, Defendant and Third-Party Plaintiff-Respondent. PAMPER WOODBURY DRIVE IN CLEANERS, INC., Third-Party Defendant-Respondent. [700 NYS2d 194] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Dunne, J.), dated April 13, 1998, as granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment, and (2) an order of the same court, dated September 30, 1998, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 13, 1998, is dismissed, as that order was superseded by the order dated September 30, 1998, made upon reargument; and it is further,

Ordered that the order dated September 30, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The injured plaintiff, Raul V. Zevallos, an employee at a dry cleaners, was assisting one of the owners in trying to locate the source of some electrical sparking. In order to determine whether the electricity had been turned off, he climbed a metal A-frame ladder and when he reached the middle of the ladder, he climbed onto a rack or pipe used to store the dry cleaning since the ladder could not be placed any closer to the electrical junction box. In an attempt to loosen a nut on the junction box, the injured plaintiff grasped an electric conduit to better position himself. As soon as he made contact with the conduit, he received an electric shock. The injured plaintiff then fell to the ground, sustaining injuries as a result of both the electric shock and the fall.

We agree with the Supreme Court that the activity in which the injured plaintiff was engaged at the time he was injured, whether examining a junction box in preparation for changing some wires which had been sparking or investigating the cause of the sparking to determine if future maintenance was necessary, was routine maintenance and does not fall within the ambit of Labor Law § 240 (1) (*see, Joblon v Solow,* 91 NY2d 457; *Haghighi v Bailer,* 240 AD2d 368; *Rowlett v Great S. Bay Assocs.,* 237 AD2d 183; *Howe v 1660 Grand Is. Blvd.,* 209 AD2d 934; *Bermel v Board of Educ.,* 231 AD2d 663). Thus, the

Supreme Court properly granted summary judgment in favor of the defendant dismissing the complaint. Ritter, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.