■ JOHN LYNCH et al., Appellants, v ABAX, INC., et al., Respondents, et al., Defendant. [702 NYS2d 271] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about February 5, 1999, which, upon motions for summary judgment, *inter alia*, dismissed plaintiff's Labor Law § 241 (6) claims against defendants construction manager (Lehrer) and asbestos removal contractor (Abax), and dismissed plaintiff's Labor Law § 200 claim against the construction manager, unanimously modified, on the law, to reinstate plaintiff's section 200 claim against the construction manager, and otherwise affirmed, without costs.

Plaintiff, employed by a building that was undergoing renovation work, was injured when a heated aerosol can, which had been left on steam pipes in the building's mechanical room, was handled by him, dropped, and exploded upon hitting the

floor. Plaintiff's claims under section 241 (6) were properly dismissed on the ground that he was not engaged in construction work at the time of his injury, but rather was performing a routine maintenance check of the building's steam equipment, and therefore was not within the class persons protected by that statute (*see*, *Agli v Turner Constr. Co.*, 246 AD2d 16). The section 241 (6) claim is in any event not viable because it is based on Industrial Code provisions that are plainly inapplicable (12 NYCRR 23-2.1 [a]) or lack the specificity required to qualify as a predicate for section 241 (6) liability (12 NYCRR 23-2.1 [b]; *see*, *Mendoza v Marche Libre Assocs.*, 256 AD2d 133).

The motion court properly sustained plaintiff's section 200 claim against the asbestos removal contractor, the only contractor identified as having used the type of aerosol can that injured plaintiff, such contractor having failed to demonstrate its lack of negligence in handling this hazardous product. However, the motion court erred in dismissing plaintiff's section 200 claim against the construction manager, and we accordingly modify, there being evidence that the construction manager had a duty to remove debris from all areas of the work site, and that the aerosol can may have been left on the steam pipes where plaintiff found it for a long enough period of time to give the construction manager constructive notice (*see*, *Butigian v Port Auth.*, 266 AD2d 133). We have considered the parties' other arguments and find them unavailing. Concur— Ellerin, J. P., Saxe, Buckley and Friedman, JJ.