■ YONG JU KIM et al., Appellants-Respondents, v HERBERT CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent, and COYNE ELECTRICAL CONTRACTORS, Defendant and Third-Party Plaintiff-Respondent-Appellant. SHERRY-NETHERLAND, INC., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. [713 NYS2d 190] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Rappaport, J.), entered February 8, 1999, as (a) granted that branch of the motion of the defendant Herbert Construction Company, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, (b) denied their cross motion to direct the third-party defendant Sherry-Netherland, Inc., to produce a witness for an additional examination before trial, and (c) granted that branch of the cross motion of the defendant Coyne Electrical Contractors, Inc., which was to dismiss their cause of action pursuant to Labor Law § 200 insofar as asserted against it, (2) Sherry-Netherland, Inc., cross-appeals, as limited by its brief, from so much of the same order as (a) denied its motion to dismiss the third-party complaint of Coyne Electrical Contractors, Inc., and (b) denied its cross motion for summary judgment dismissing the plaintiffs' causes of action based on Labor Law § 241 (6) and common-law negligence, and (3) the defendant Coyne Electrical Contractors, Inc., cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the plaintiffs' causes of action based on Labor Law § 241 (6) and common-law negligence insofar as asserted against it. Sherry-Netherland, Inc., separately appeals from so

much of an order of the same court, dated October 13, 1999, as, upon reargument, reinstated the plaintiffs' cause of action based on Labor Law § 200 and otherwise adhered to the prior determination in the order entered February 8, 1999, and Coyne Electrical Contractors, Inc., cross-appeals from so much of the same order as, upon reargument, reinstated the plaintiffs' cause of action based on Labor Law § 200 insofar as asserted against it.

Ordered that the appeal by the plaintiffs from so much of the order entered February 8, 1999, as granted that branch of the motion of the defendant Coyne Electrical Contractors, Inc., which was to dismiss the cause of action based on Labor Law § 200 is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated October 13, 1999, which, upon reargument, reinstated that cause of action; and it is further,

Ordered that the appeal by Sherry-Netherland, Inc., from the order entered February 8, 1999, is dismissed, without costs or disbursements, as the portion of the order appealed from was superseded by so much of the order dated October 13, 1999, as, upon reargument, adhered to its prior determination; and it is further,

Ordered that the order dated October 13, 1999, is modified by adding thereto a provision dismissing the plaintiffs' cause of action based on Labor Law § 241 (6); as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order entered February 8, 1999, is modified by (1) vacating the provision thereof denying those branches of the motions of Sherry-Netherland, Inc., and Coyne Electrical Contractors, Inc., which were to dismiss the plaintiffs' cause of action based on Labor Law § 241 (6), (2) deleting therefrom the provision denying the motion of Sherry-Netherland, Inc., to dismiss the third-party complaint asserted by Coyne Electrical Contractors, Inc., and substituting therefor a provision granting the motion to the extent that the plaintiffs' recovery does not exceed the limits of the liability insurance policy purchased by Coyne Electrical Contractors, Inc., in which Sherry-Netherland, Inc., is named as an additional insured, and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Yong Ju Kim (hereinafter the plaintiff), was employed by Sherry-Netherland, Inc., as an electrician on the staff of the Sherry Netherland Hotel (hereinafter referred to

collectively as Sherry-Netherland), which is a combination hotel and residential apartment building. Coyne Electrical Contractors, Inc. (hereinafter Coyne), was hired by Sherry-Netherland to renovate the panels in the electrical closets on each floor. Herbert Construction Company, Inc. (hereinafter Herbert), was the construction manager for Sherry-Netherland.

According to the plaintiff, an accident occurred while he was attempting to determine the cause of a malfunctioning outlet in one of the rooms on the ninth floor. After he checked the outlet in the room, he went to the electrical closet in the hallway and saw that the panel cover was open and that some of the wires had been cut. He received an electrical shock when he used an ampere gauge to determine whether any of the wires were live.

The plaintiff claimed that Coyne employees had worked on this particular electrical closet prior to his accident. However, Coyne maintained that its employees had not replaced the panel in the electrical closet, that the plaintiff was working on an old panel, that its employees were not working on the ninth floor on the day of the accident, and that the accident occurred when the plaintiff attempted to remove a fuse with a tool. The plaintiff's supervisor, a Sherry-Netherland employee, stated that he unlocked the electrical closet for the plaintiff, and that he did not observe any cut wires. He corroborated Coyne's claim that its employees had not worked on that particular electrical closet prior to the accident.

The plaintiffs commenced the instant action to recover damages based on common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6) against Herbert and Coyne. Herbert and Coyne commenced separate third-party actions against Sherry-Netherland for indemnification and contribution.

The plaintiffs acknowledged in their motion papers that Labor Law § 240 is inapplicable to the facts of this case, and no issue is raised on appeal with respect to the dismissal of that cause of action.

The Supreme Court erred in failing to dismiss the cause of action based on Labor Law § 241 (6) as the plaintiff did not fall within the class of persons protected by that statute. Labor Law § 241 (6) is designed to provide protection to workers engaged in renovation or construction work (*see, Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573). However, "[n]ot every employee lawfully on the property is necessarily affiliated with the construction work * * * or is otherwise 'frequenting the premises within the meaning of Labor Law § 241 (6)' * * * The

statutory protection does not extend, for example, to employees performing routine maintenance tasks at a building that happens to be undergoing construction or renovation" (*Blandon v Advance Contr. Co.*, 264 AD2d 550, 552; *see also, Lynch v Abax, Inc.*, 268 AD2d 366; *Moses v Pinazo*, 265 AD2d 391; *Sommerville v Usdan*, 255 AD2d 500; *Agli v Turner Constr. Co.*, 246 AD2d 16; *Zevallos v Treeco Plainview Ltd. Partnership*, 267 AD2d 305).

The facts of this case are distinguishable from *Joblon v Solow* (91 NY2d 457), where the Court of Appeals held that Labor Law § 241 (6) applied because the type of work being performed by the "house electrician" at the time of his injury constituted alteration work which was encompassed by the Labor Law. Here, the work performed at the time of the plaintiff's injury constituted routine maintenance activity. Accepting the plaintiff's version of the facts as true for the purposes of the motion, he was merely attempting to locate the cause of a malfunctioning outlet in one of the rooms.

The protection of Labor Law § 200, however, is not confined to construction work but codifies the common-law duty of an owner or employer to provide employees a safe place to work (*see, Jock v Fein*, 80 NY2d 965, 967). It applies to owners, contractors, or their agents (*see, Russin v Picciano & Son*, 54 NY2d 311), who exercise control or supervision over the work, or either created the allegedly dangerous condition or had actual or constructive notice of it (*see, Lombardi v Stout*, 80 NY2d 290, 294-295; *Jehle v Adams Hotel Assocs.*, 264 AD2d 354; *Raposo v WAM Great Neck Assn. II*, 251 AD2d 392; *Haghighi v Bailer*, 240 AD2d 368). Where the alleged dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Lombardi v Stout, supra*).

The plaintiffs' Labor Law § 200 and common-law negligence claims against Herbert were properly dismissed. The record reveals that Herbert was employed by Sherry-Netherland as the construction manager to coordinate renovation work on the premises. The contract between Sherry-Netherland and Herbert specifically stated that Herbert would not be responsible for the construction methods and procedures employed by contractors. The plaintiffs failed to demonstrate that Herbert supervised or controlled the manner in which the work was performed or had notice of the alleged dangerous condition in the ninth floor electrical closet (*see, Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394; *cf., Lynch v Abax, Inc., supra*).

Since all of the causes of action in the complaint asserted against Herbert were properly dismissed, the third-party action commenced by Herbert against Sherry-Netherland for indemnification and contribution should also be dismissed (*see, Dilena v Irving Reisman Irrevocable Trust,* 263 AD2d 375).

However, there are issues of fact with respect to the plaintiffs' Labor Law § 200 and common-law negligence causes of action insofar as asserted against Coyne. The evidence offered by the plaintiffs and by Coyne was conflicting as to whether Coyne either created or had notice of the alleged dangerous condition in the ninth floor electrical closet and as to whether it exercised control over the closet prior to the accident. Therefore, Coyne's motion for summary judgment was properly denied insofar as it sought dismissal of the Labor Law § 200 and common-law negligence causes of action (*see, Lynch v Abax, Inc., supra; Butigian v Port Auth.,* 266 AD2d 133).

Sherry-Netherland moved to dismiss the third-party action commenced against it by Coyne on the ground that the action violated the anti-subrogation rule. Sherry-Netherland was named as an additional insured on an insurance policy issued to Coyne. The evidence presents triable issues of fact as to the respective liability, if any, of Sherry-Netherland and Coyne based on Labor Law § 200 and common-law negligence for the alleged dangerous condition of the electrical closet. Since the same insurer covers Sherry-Netherland and Coyne for the same risk, that is, bodily injury allegedly caused by Coyne's work, there is a potential conflict of interest (*see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465). Accordingly, the anti-subrogation rule applies, and Coyne's third-party action against Sherry-Netherland is barred to the extent that any verdict in favor of the plaintiffs does not exceed the limits of the liability insurance policy purchased by Coyne in which Sherry-Netherland is named as an additional insured (*see, Ramirez v Cablevision Sys. Corp.,* 271 AD2d 424; *Morales v City of New York,* 239 AD2d 566).

The parties' remaining contentions are without merit. O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.