■ DENNIS J. FENTON, Appellant, v MONOTYPE SYSTEMS, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. NEW YORK POST, Third-Party Defendant. [733 NYS2d 696] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated October 2, 2000, as granted that branch of the motion of the defendant third-party plaintiff Monotype System, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, who was employed by the third-party defendant, New York Post (hereinafter the Post), claimed that he tripped and fell over a hazardously-placed telephone wire in an office. He brought this action against the owner of the premises and the defendant third-party plaintiff Monotype Systems, Inc. (hereinafter Monotype), a company that installed a computer system at the Post. The plaintiff alleged, *inter alia,* causes of action based on Labor Law § 200 and common-law negligence.

On its motion for summary judgment, Monotype met its burden of establishing that it did not exercise any supervisory control over the general condition of the premises at the time of the accident and that it neither created nor had actual or constructive notice of the allegedly dangerous condition (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Yong Ju Kim v Herbert Constr. Co.,* 275 AD2d 709, 712). Monotype presented evidence that it completed phase one of its work on the premises approximately three weeks before the plaintiff's accident and that its work was not scheduled to recommence until sometime after the accident. In opposition to the motion, the plaintiff failed to raise a triable issue of fact. Significantly, the plaintiff presented no evidence that would tend to establish how long the allegedly hazardous condition had existed. Accordingly, the Supreme Court properly granted that branch of Monotype's motion which was for summary judgment dismissing the complaint insofar as asserted against it. O'Brien, J. P., Florio, Schmidt and Smith, JJ., concur.