■ PHILIP AMATO et al., Plaintiffs, v ROCK-McGRAW, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. ADCO ELECTRIC CORPORATION, Third-Party Defendant-Appellant. [746 NYS2d 150]

Plaintiff Amato was employed by subcontractor third-party defendant-appellant ADCO Electric Corporation at a building owned by defendant and third-party plaintiff Rock-McGraw,

which had contracted with general contractor defendant and third-party plaintiff McCann, which had hired ADCO as subcontractor. Plaintiff Amato was injured when he fell off a ladder while pulling wire through a lubricated conduit, onto which some lubricant apparently had dripped. It was unclear how long the lubricant had been accumulating, though plaintiff recalled that some had been under the ladder prior to the time he started his work and that it continued to drip all day. Plaintiff acknowledged that only his ADCO foreman supervised, directed or controlled his work, and that he had not received any directions from either Rock-McGraw or McCann personnel. Plaintiff sued, and moved for partial summary judgment against, Rock-McGraw and McCann under Labor Law § 240 (1). These parties sued, and sought summary judgment against, ADCO in the third-party action, for contractual indemnification and for breach of contract arising from ADCO's failure to procure insurance coverage naming them as additional insureds. ADCO disputed its contractual obligations, and argued McCann's own alleged negligence arising from its failure to perform cleanup responsibilities, as called for by McCann's contract with Rock-McGraw. That contract required that McCann would "keep the premises and surrounding area free from the accumulation of waste materials or rubbish caused by operations under the contract. At completion of the work [McCann] shall remove from and about the Project waste materials, rubbish, the contractor's tools, construction equipment, machinery and surplus materials * * *." McCann's supervisor conceded that he knew that the lubricant was being used on the site, that he had assigned laborers to clean the floor areas, including cleaning up any grease, and that he regularly inspected to ensure that the area was clean and free of debris.

The motion court granted plaintiff partial summary judgment on the section 240 (1) claim against Rock-McGraw and McCann, on the basis of their status as owner and general contractor, respectively. The court also found that these parties were entitled to summary judgment on the contract claims against ADCO, and that there was no evidence that either the owner or the general contractor was negligent or that either had directed, controlled or supervised plaintiff's work. On the contract claims, the court found that insofar as ADCO had breached its contract to procure proper insurance, it was responsible for all resulting damage, including the extent of defendants and third-party plaintiffs' liability to plaintiff to the extent of the contractually required policy limits and the costs of defending the action which would have been defended by the insurer under the policy.

We reverse the order granting contractual indemnification to McCann. Contractual indemnification does not lie where the owner or contractor supervised or controlled the worksite or where its own negligence contributed to the harm (*Mangano v American Stock Exch.*, 234 AD2d 198; *Singh v 49 E. 96 Realty Corp.*, 291 AD2d 216). On these facts, there are triable issues as to the extent of McCann's duty to keep the work area clean and free of debris, including grease, whether or not that obligation was satisfied, and whether it had constructive notice of the allegedly defective condition (*Butigian v Port Auth. of N.Y. & N.J.*, 266 AD2d 133; *Lynch v Abax*, 268 AD2d 366). In the event that McCann prevails, then the measure of damages is governed by *Inchaustegui v 666 5th Ave. Ltd. Partnership* (96 NY2d 111). In *Inchaustegui*, the Court of Appeals held that where a tenant, in violation of a lease agreement, had failed to procure insurance on behalf of its landlord and the landlord had obtained its own insurance, the landlord was limited to damages for any out-of-pocket expenses such as premiums and any additional costs incurred including deductibles, copayments and increased future premiums. This principle applies in a breach of contract action based on a subcontractor's failure to procure insurance on behalf of a general contractor (*Sheppard v Blitman/Atlas Bldg. Corp.*, 288 AD2d 33). We cannot evaluate on this record whether McCann had procured its own insurance which, if applicable, would reduce the amount of the loss by the policy proceeds, but that can be determined upon remand. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Wallach, JJ.