■ DOUGLAS DEBLASE et al., Appellants, v HERBERT CONSTRUCTION COMPANY, INC., Respondent. (And a Third-Party Action.) [774 NYS2d 777]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), dated March 6, 2003, which granted the defendant's motion for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence.

Ordered that the order is affirmed, with costs.

Labor Law § 200 codified the common-law duty of an owner or employer to provide employees with a safe place to work (*see Jock v Fien*, 80 NY2d 965, 967 [1992]; *Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709 [2000]). The statute applies to owners and contractors who exercise control or supervision over the work being performed, or who have either created a dangerous condition or had actual or constructive notice of such condition (*see Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]; *Fenton v Monotype Sys.*, 289 AD2d 194 [2001]; *Yong Ju Kim v Herbert Constr. Co., supra*). Here, the defendant general contractor made a prima facie showing of entitlement to summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence by demonstrating that it did not exercise supervisory control over the injured plaintiff's work, and that it neither created nor had actual or constructive knowledge of the allegedly dangerous condition (*see Fenton v Monotype Sys., supra; Yong Ju Kim v Herbert Constr. Co., supra*). In opposition, the plaintiffs failed to come forward with evidence to support their claim, inter alia, that the allegedly dangerous condition was created by the defendant's employees. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.