■ David Perron et al., Respondents, v Hendrickson/ Scalamandre/Posillico (TV), Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. Rice Mohawk US Construction Co., Ltd., Third-Party Defendant-Respondent. [803 NYS2d 106]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated September, 7, 2004, as granted that branch of the cross motion of the third-party defendant which was for summary judgment dismissing the third-party complaint, (2) from an order of the same court dated September 8, 2004, which granted the separate motion of the third-party defendant, in effect, for summary judgment dismissing any claims asserted against it for contractual indemnification, and (3) from stated portions of an order of the same court dated September 9, 2004, which, inter alia, denied those branches of their motion which were for summary judgment dismissing the plaintiffs' causes of action based on common-law negligence and Labor Law §§ 200, 240 (1), and § 241 (6) predicated upon alleged violations of 12 NYCRR 23-3.3 (c) and (h) insofar as asserted against them.

Ordered that the order dated September 7, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 8, 2004, is affirmed; and it is further,

Ordered that the order dated September 9, 2004, is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants third-party plaintiffs which were for summary judgment dismissing the plaintiffs' causes of action based on common-law negligence and violations of Labor Law §§ 200, 240 and § 241 (6) predicated upon alleged violations of 12 NYCRR 23-3.3 (h) insofar as asserted against them and substituting therefor a provision granting those

branches of the motion; as so modified, the order dated September 9, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants third-party plaintiffs, payable by the plaintiffs, and one bill of costs is awarded to the third-party defendant, payable by the defendants third-party plaintiffs.

Contrary to the Supreme Court's determination, the defendants third-party plaintiffs met their initial burden on their motion for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and based on common-law negligence by demonstrating that they neither directed nor controlled the method or manner in which the injured plaintiff conducted his work, nor had notice of a dangerous condition (*see DeBlase v Herbert Constr. Co.*, 5 AD3d 624 [2004]). As the plaintiffs failed to raise a triable issue of fact, the defendants third-party plaintiffs were entitled to summary judgment dismissing those causes of action.

Moreover, the defendants third-party plaintiffs were entitled to summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action. "Labor Law § 240 (1), which imposes absolute liability, is addressed to situations in which a worker is exposed to the risk of falling from an elevated worksite or being hit by an object falling from an elevated worksite" (*Rocovich v Consolidated Edison Co.*, 167 AD2d 524, 526 [1990], *affd* 78 NY2d 509 [1991]). "An object falling from a minuscule height is not the type of elevation-related injury that this statute was intended to protect against" (*Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657, 657-658 [1994]; *see Jacome v State of New York*, 266 AD2d 345, 346-347 [1999]; *Phillips v City of New York*, 228 AD2d 570, 571 [1996]). The injured plaintiff was working at ground level on a structure which was also at ground level, and the object that fell on the injured plaintiff's foot was, at most, two feet off the ground.

Furthermore, the Supreme Court should have dismissed the plaintiffs' Labor Law § 241 (6) cause of action premised on a violation of 12 NYCRR 23-3.3 (h), which is inapplicable because no structural member was dropped from a building or other structure at the time of the accident (*see Malloy v Madison Forty-Five Co.*, 13 AD3d 55, 57 [2004]). However, the Supreme Court properly declined to dismiss the plaintiff's Labor Law § 241 (6) claim based on 12 NYCRR 23-3.3 (c). There are triable issues of fact concerning the applicability of that regulation, including whether the structure which fell on the plaintiff's foot was loosened material that required stabilization (*see generally Sponholz v Benderson Prop. Dev.*, 273 AD2d 791, 792 [2000]).

The defendants third-party plaintiffs' remaining contentions are without merit. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.