■ BRITTNEY KING, Respondent, v CITY BAY PLAZA, LLC, Respondent-Appellant, and TOYS "R" US-NY LIMITED PARTNERSHIP et al., Appellants-Respondents. [987 NYS2d 382]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered March 14, 2013, which denied the motion of defendants Toys "R" Us-NY Limited Partnership, Toys "R" Us-Delaware, Inc. and Toys "R" Us Property Company II, LLC's (collectively Toys R Us) for summary judgment dismissing the complaint and cross claims as against them and for summary judgment on their cross claims against codefendant City Bay Plaza, LLC (City Bay), and denied City Bay's motion for summary judgment dismissing the complaint and cross claims as against it, and for summary judgment on its cross claims against Toys R Us, unanimously affirmed, without costs.

In this action for personal injuries allegedly suffered by plaintiff when she tripped and fell on an uneven condition between two concrete slabs in the sidewalk as she was exiting the Toys R Us store located in the City Bay Plaza Shopping Center, the motion court properly denied the motions made by defendants, the landlord and commercial tenant, insofar as they sought dismissal of the complaint based on the purported trivial nature of the defect. The photographs submitted by plaintiff and landlord City Bay showing the subject condition and its location approximately a foot from the doorway, along with the disputed proof as to whether the height differential was 0.5 or 1.5 inches, raise an issue of fact as to whether the condition is actionable (*see Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165, 166 [1st Dept 2000]; *Herrera v City of New York*, 262 AD2d 120 [1st Dept 1999]). The photographs also raise a triable issue of fact as to constructive notice of the condition (*see Molinari v 167 Hous. Corp.*, 103 AD3d 507, 507 [1st Dept 2013]; *Denyssenko v Plaza Realty Servs., Inc.*, 8 AD3d 207, 208 [1st Dept 2004]).

The motion court also properly declined to grant defendants' motions for summary judgment dismissing the claims and cross claims insofar as asserted against each of them respectively. While both Toys "R" Us and City Bay both argue that they did not owe a duty to maintain the subject area under the lease, the evidence raises a triable issue of fact as to whether the area where plaintiff fell was part of the demised premises, for which tenant Toys R Us is responsible under the lease, or a common area, for which landlord City Bay is responsible. Given this fact issue, the defendants' motions for summary judgment on their respective cross claims for contractual indemnification were also properly denied (*see Pardo v Bialystoker Ctr. & Bikur Cholim, Inc.*, 10 AD3d 298, 301-302 [1st Dept 2004]), as was City Bay's motion for summary judgment on its breach of contract cross claim (*see Amato v Rock-McGraw, Inc.*, 297 AD2d 217, 219 [1st Dept 2002]), and Toys R Us's motion for summary judgment on its common-law indemnification claim (*see Chevalier v 368 E. 148th St. Assoc., LLC*, 80 AD3d 411, 414 [1st Dept 2011]).

We have reviewed the remaining arguments, including the parties' challenges to consideration of certain evidence, and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Freedman and Kapnick, JJ.