■ Phillip Oduro et al., Respondents, v Bronxdale Outer, Inc., Respondent-Appellant, and H&S Fitness, Inc., Doing Business as Powerhouse Gym, Appellant-Respondent. [13 NYS3d 46]—Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 13, 2014, which denied defendants' respective motions for summary judgment, unanimously modified, on the law, to the extent of dismissing defendant Bronxdale Outer, Inc.'s (Bronxdale) cross claim against defendant H&S Fitness, Inc. doing business as Powerhouse Gym (H&S Fitness) for contractual indemnification, and otherwise affirmed, without costs.

Plaintiff Oduro alleges that he was injured after tripping and falling over an alleged defect on the ground immediately outside the entranceway of a gym located on property owned by Bronxdale and leased by H&S Fitness.

Neither defendant is entitled to summary judgment dismissing the complaint. The photographs in the record showing the subject condition and its location less than a foot from the gym's entranceway, coupled with expert testimony as to the length, width and depth of the condition, raise an issue of fact as to whether the condition is actionable (*see King v City Bay Plaza, LLC*, 118 AD3d 476, 476 [1st Dept 2014]). Further, Bronxdale failed to make a prima facie showing that it lacked actual notice of the alleged defect. In addition, neither defendant is entitled to summary judgment in view of the triable issue arising from the record as to whether the defect was on the demised premises, for which H&S Fitness was responsible as tenant-in-possession and under the express terms of its lease, or on the adjoining public sidewalk, for which Bronxdale, as

owner, was responsible under New York City Administrative Code § 7-210.

H&S Fitness is entitled to summary judgment dismissing Bronxdale's cross claim for contractual indemnification. The indemnification provision in the lease runs afoul of General Obligations Law § 5-321 because it purports to indemnify Bronxdale for its own negligence (see *Hakim v 65 Eighth Ave., LLC*, 42 AD3d 374, 374 [1st Dept 2007]). We reject Bronxdale's contention that the indemnification provision is enforceable because paragraph 22 of the lease required H&S Fitness to obtain insurance in favor of Bronxdale. Paragraph 22 of the lease required H&S Fitness to procure an insurance policy only for the property's plate glass windows, which are unrelated to the subject defect. Because the insurance provision does not require comprehensive liability coverage, the indemnification provision is void and unenforceable (see *Port Parties, Ltd. v Merchandise Mart Props., Inc.*, 102 AD3d 539, 541 [2013]).

Bronxdale does not refute H&S Fitness' contention that Bronxdale never asserted a cross claim alleging H&S Fitness' failure to procure insurance. In fact, Bronxdale concedes that H&S Fitness procured the required insurance.

We have considered the appealing parties' remaining contentions for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Richter, Manzanet-Daniels and Gische, JJ.