Buttigieg v Marlin Mech. Corp. (2019 NY Slip Op 01721)





Buttigieg v Marlin Mech. Corp.


2019 NY Slip Op 01721


Decided on March 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2019

Gische, J.P., Webber, Kern, Singh, JJ.


153601/13 8675 8674

[*1]Savior Buttigieg, Plaintiff-Appellant, Doreen Buttigieg, Plaintiff,
v
Marlin Mechanical Corp., Defendant-Respondent.
Marlin Mechanical Corp., Third-Party Plaintiff,
v
Accord Contracting, et al., Third-Party Defendants, Laurmar Associates, Third-Party Defendant-Respondent.


Hach & Rose, LLP, New York (Halina Radchenko of counsel), for appellant.
Law Office of Kevin P. Westerman, Elmsford (Jonathan R. Walsh of counsel), for Marlin Mechanical Corp., respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (I. Elie Herman of counsel), for Laurmar Associates, respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 26, 2017, which, insofar as appealed from as limited by the briefs, granted the motion of third-party defendant Laurmar Associates (Laurmar) for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, unanimously affirmed, without costs.
Plaintiff Savior Buttigieg alleges that he was injured when he slipped and fell on construction debris as he was walking down a ramp to a service elevator located in the basement of the hotel where work was being performed. Laurmar submitted evidence showing that defendant Marlin Mechanical Corp., the general contractor on the project, neither created or had constructive notice of the dangerous condition, by demonstrating that Marlin was not responsible for the site at the time of the accident, since it occurred between phases one and two of the project, and that the area was clear of debris when Marlin left the site at the end of phase one over three weeks before the date of the accident (see Fenton v Monotype Sys., 289 AD2d 194 [2d Dept 2001]).
In opposition, plaintiff did not refute Laurmar's showing, and otherwise failed to raise a triable issue of fact. Furthermore, he did not raise the issue of constructive notice based on a [*2]recurring condition in his pleadings (see Bader v River Edge at Hastings Owners Corp., 159 AD3d 780, 781-782 [2d Dept 2018], lv denied 31 NY3d 913 [2018]; see also Vasquez v Nealco Towers, LLC, 160 AD3d 496 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2019
CLERK