Carter v HP Lafayette Boynton Hous. Dev. Fund Co., Inc. (2022 NY Slip Op 06744)

Carter v HP Lafayette Boynton Hous. Dev. Fund Co., Inc.

2022 NY Slip Op 06744

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Index No. 25164/18E Appeal No. 16748 Case No. 2021-04684 

[*1]Diane Carter, Plaintiff-Respondent,
v
HP Lafayette Boynton Housing Development Fund Company, Inc. et al., Defendants-Appellants.

Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for appellants.
Burns & Harris, New York (Matthew J. Duco of counsel), for respondent.

Order, Supreme Court, Bronx County (Andrew J. Cohen, J.), entered July 13, 2021, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to establish that they lacked actual notice of the alleged defect as a matter of law because the surveillance footage for the day of the accident shows that another person entering from the same direction as plaintiff tripped at the entranceway before plaintiff did and defendants' witness further testified that the feed from that security camera was monitored by security. They also failed to show that they lacked constructive notice of the rise in the threshold, because their witness testified that he did not keep a record of his inspections and could not recall if he inspected the entranceway before plaintiff fell (see Clarkin v In Line Rest. Corp., 148 AD3d 559, 560 [1st Dept 2017]; Niu v Sasha Realty LLC, 151 AD3d 488, 489 [1st Dept 2017]).
Since defendants failed to meet their initial burden to show that they lacked actual or constructive notice as a matter of law, the burden never shifted to plaintiff to establish how long the condition existed (see Savio v St. Raymond Cemetery, 160 AD3d 602, 603 [1st Dept 2018]). Nevertheless, plaintiff demonstrated that there exists a triable issue of fact as to whether defendants had constructive notice of the alleged defect because the nonparty witness testified that he always stepped over the metal threshold because he knew for about four years before the accident that it was "sticking up" about "an inch to two inches high."
Furthermore, defendants are not entitled to summary judgment on the basis that the alleged defect is trivial as a matter of law. The photographs and the video surveillance footage of the accident create a question of fact as to whether the rise in the threshold would not be visible when the door was closed, and thus might not be visible to plaintiff as she opened the door to enter the building (see King v City Bay Plaza, LLC, 118 AD3d 476, 476 [1st Dept 2014]; Glickman v City of New York, 297 AD2d 220, 221 [1st Dept 2002]).
Further, there is an issue of fact as to whether the rise in the threshold was an open and obvious condition that was not inherently dangerous. The photographs in the record do not show that the rise in the threshold was "plainly observable and did not pose any danger to someone making reasonable use of his or her senses" (Buccino v City of New York, 84 AD3d 670, 670 [1st Dept 2011] [internal quotation marks omitted]).
Finally, "[c]onflicting expert affidavits raise issues of fact and credibility that cannot be resolved on a motion for summary judgment" (Bradley v Soundview Healthcenter, 4 AD3d 194, 194 [1st Dept 2004]). Here, defendants' expert averred that his measurements showed that there was a "0.625-inch height differential between the saddle and the interior landing" at the entranceway and did not constitute a defective or dangerous condition[*2]. However, plaintiff's expert averred that his measurements demonstrated that the threshold had a raised area that was "1.063 inches higher than the 2-inch ledge in front of the threshold" and constituted a dangerous condition as it could catch a person's toe. Such conflicting evidence as to the height differential of the alleged rise in the threshold at the time of the accident and the photograph showing the defect prevent a finding that the condition did not constitute a tripping hazard (see LaRosa v Corner Locations, II, L.P., 169 AD3d 512, 513 [1st Dept 2019]; Bovino v J.R. Equities, Inc., 55 AD3d 399, 400 [1st Dept 2008]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022