Bossert v New York Univ. Langone Med. Ctr. Tisch Hosp. (2023 NY Slip Op 00944)

Bossert v New York Univ. Langone Med. Ctr. Tisch Hosp.

2023 NY Slip Op 00944

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Index No. 154578/16 Appeal No. 17364 Case No. 2022-03267 

[*1]Donna Bossert, as Administratrix of the Estate of John Bossert, Plaintiff-Respondent,
v
New York University Langone Medical Center — Tisch Hospital, Defendant-Appellant.

Heidell, Pittoni, Murphy & Bach, LLP, New York (Cynthia Sammarco of counsel), for appellant.
Mischel & Horn, P.C., New York (Andrew Fischer of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about December 2, 2021, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this personal injury/premises liability action, plaintiff alleges that decedent John Bossert, her husband, was injured when his motorized scooter's rear wheel made contact with a wheelchair ramp's elevated lip at the main entrance to defendant NYU Hospital. Plaintiff alleges that the contact caused the scooter to recoil and eject the decedent into the street, causing serious injury. The decedent died for reasons not related to this fall.
Defendant's buildings systems manager testified that he never received any complaints about the ramp and knew of no other injuries caused by it. He testified that he regularly examined the entire hospital site, including the ramp, and did not notice that the ramp had any hazardous conditions. He also testified that the ramp had been constructed in 1993 and had not been repaired since then.
The parties' experts offered conflicting opinions as to whether a hazardous condition existed on the ramp. Defendant's engineer opined that the ramp met all applicable requirements — including as to width, slope, and rise — and was well maintained and safe for its intended use. He observed that there was no evidence of any citation or violation by any government agency. In addition, defendant's biomedical engineer opined that the proximate cause of the accident was not the ramp but decedent's attempt to stand up on his left leg.
In opposition, plaintiff's expert witness opined that his inspection of the ramp revealed violations of numerous codes and standards, which had proximately caused the accident. This conflicting evidence raises an issue of fact that can not be resolved on summary judgment (Bradley v Soundview Healthcenter, 4 AD3d 194, 194 [1st Dept 2004]). Moreover, defendant did not offer evidence of the ramp's condition at construction and did not submit evidence specifically showing when the ramp was last inspected before the incident. Thus, there is a question of fact as to whether defendant created or had constructive notice of the alleged ramp defect (see Carter v HP Lafayette Boynton Hous. Dev. Fund Co., Inc., 210 AD3d 580, 580 [1st Dept 2022]). The conflict between the parties' expert opinions as to whether the motorized scooter tipped over due to the mis-leveled ramp or whether the decedent attempted to stand creates an issue of fact as to proximate cause (see Carter, 210 AD3d at 581). Finally, although defendant claimed the yellow painted ramp was open and obvious, plaintiff asserted that alleged code and safety violations made parts of the ramp inherently dangerous. These issues require resolution by a jury (see Francis v 107-145 W. 135th St. Assoc., Ltd. Partnership, 70 AD3d 599, 600 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: February 21, 2023