| |
|---|
| **Polanco v George Units, LLC** |
| 2025 NY Slip Op 32491(U) |
| July 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156079/2019 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**                    PART    **33M**

                                    *Justice*

------------------------------------------------------------X

PEDRO A. MIRABAL POLANCO,                    INDEX NO.        156079/2019

                          Plaintiff,         MOTION DATE     11/05/2024

                                             MOTION SEQ. NO.     002
            - v -

THE GEORGE UNITS, LLC, EXOTIC FURNITURE CORP.,
CITY OF NEW YORK AND NEW YORK CITY                   **DECISION + ORDER ON**
DEPARTMENT OF TRANSPORTATION,                               **MOTION**

                          Defendant.

------------------------------------------------------------X


THE GEORGE UNITS, LLC                                  Third-Party
                                              Index No.  595643/2020
                          Plaintiff,

            -against-

AVI DISHI

                          Defendant.

------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 59, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 106, 107, 109, 111, 112, 113, 114, 115

were read on this motion to/for          DISMISS                            .

Upon the foregoing documents, and after a final submission date of May 16, 2025, Third-Party Defendant Avi Dishi's ("Mr. Dishi") motion for summary judgment dismissing Third-Party Plaintiff the George Units, LLC (the "George Units") claims asserted against him is granted in part and denied in part. The George Units' cross motion seeking summary judgment on its Third-Party Complaint asserted against Mr. Dishi is denied.

## I.    Background

On January 1, 2019, Plaintiff Pedro A. Mirabal Polanco ("Plaintiff") allegedly tripped and fell when his foot became stuck in a hole on a sidewalk abutting 1370 Saint Nicholas Avenue,

156079/2019   MIRABAL POLANCO, PEDRO A. vs. GEORGE UNITS, LLC          Page 1 of 5
Motion No.  002

1 of 5

New York, New York (the "Premises") (NYSCEF Doc. 96 at 20). The George Units owns the Premises (NYSCEF Doc. 54 at 24-25). Avi Dishi is a tenant of the ground floor commercial space of the Premises pursuant to a lease (NYSCEF Doc. 52). A lease amendment was entered in 2014 extending the lease term an additional twenty years (NYSCEF Doc. 53). The agreements are silent as to the tenant's responsibility for structural repairs to the sidewalk. Mr. Dishi moves for summary judgment dismissing the George Units Third-Party Complaint, and the George Units cross moves for summary judgment on its third-party claims against Mr. Dishi. Plaintiff takes no position, and Defendants City of New York and the Department of Transportation were dismissed in motion sequence 003 (NYSCEF Doc. 117).[1]

## II.  Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.,* 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

### B. Mr. Dishi's Motion

Mr. Dishi's motion for summary judgment dismissing the Third-Party Complaint asserted against him is granted. It is well established that New York Administrative Code § 7-210 places

---

[1] As a result of the City of New York and Department of Transportation being dismissed, this case and the accompanying motion were transferred from a City IAS part to Part 33 on May 14, 2025.

**156079/2019  MIRABAL POLANCO, PEDRO A. vs. GEORGE UNITS, LLC**
**Motion No.  002**

**Page 2 of 5**

2 of 5

the duty to maintain sidewalks in reasonably safe condition with the owner of the property abutting the sidewalk (*see, e.g. Choudhry v Starbucks Corporation*, 213 AD3d 521, 522 [1st Dept 2023]). Pursuant to the Court of Appeals, the duty imposed by § 7-210 is "an affirmative, nondelegable obligation" (*Xiang Fu He v Troon Management, Inc.*, 34 NY3d 167, 174 [2019]). The only bases to impose liability on a tenant for structural defects on a sidewalk abutting a leased premises is if the tenant created or exacerbated the defect or if the tenant entirely displaces the owner's duty to maintain the sidewalk (*Alfani v Rivercross Tenants Corporation*, 230 AD3d 1022, 1023-24 [1st Dept 2024]; *Crimlis v City of New York*, 200 AD3d 555 [1st Dept 2021]).

Here, there is no evidence that Mr. Dishi made any special use of the sidewalk, nor is there evidence that he created or exacerbated the hole in the sidewalk. Moreover, the lease and lease amendment only required Mr. Dishi to keep the sidewalk clean of trash, debris, snow, and ice – none of which allegedly caused Plaintiff's injury (*see Choudhry, supra* at 522-23). Although the George Units relies on the sublease entered between Mr. Dishi and the subtenant Defendant Exotic Furniture Corp. ("Exotic") to argue that Mr. Dishi's tenant assumed responsibility for repairing the sidewalk, the lease states Exotic would only make "non-structural" repairs (*see Negron v Marco Realty Associates, L.P.*, 187 AD3d 511 [1st Dept 2020] [hole in sidewalk is a structural defect and does not fall under purview of non-structural repairs]). Since there is no basis for a finding of negligence against Mr. Dishi, the third-party claims for common law indemnification and contribution are dismissed.

The indemnification clause, which does not contain the requisite savings language pursuant to General Obligations Law § 5-321 and purports to indemnify the George Units for its own negligence, is unenforceable, especially given the lack of any evidence of Mr. Dishi's negligence (*see E.S. v Windsor Owners Corp.*, 224 AD3d 40, 47 [1st Dept 2024]; *Carson v JAD Realty LLC,*

156079/2019   MIRABAL POLANCO, PEDRO A. vs. GEORGE UNITS, LLC
Motion No. 002

Page 3 of 5

214 AD3d 588, 589 [1st Dept 2023]). There is nothing in the record evidencing Mr. Dishi procured the requisite insurance to bring the indemnification clause within the exception to General Obligations Law § 5-321 carved out by the Court of Appeals in *Hogeland v Sibley, Lindsay & Curr Co.*, 42 N.Y.2d 153 (1977) (*see also Bessios v Regent Associates, Inc.*, 214 AD3d 554, 555 [1st Dept 2023]). The George Units expressly argues Mr. Dishi did not procure the required insurance (*see* NYSCEF Doc. 86 at ¶ 82). Therefore, the contractual indemnification claim is dismissed (*see also Oduro v Bronxdale Outer, Inc.*, 130 AD3d 432, 433 [1st Dept 2015]; *Port Parties, Ltd. v Merchandise Mart Props., Inc.*, 102 AD3d 539, 541 [1st Dept 2013]).

Mr. Dishi's motion is denied as to the breach of contract for failure to procure insurance claim. Mr. Dishi's argument that he was not required to procure general liability insurance for the benefit of the George Units is belied by ¶ 45 of the lease and lease amendment, the rights and obligations of the lease "shall be binding upon and inure to the benefit of and be enforceable by the respective successors and assigns of the parties hereto." (NYSCEF Doc. 53). Mr. Dishi's son, who was deposed on behalf of Mr. Dishi, admitted the George Units owns the Premises and is the landlord (NYSCEF Doc. 98 at 19-20). Mr. Dishi's sole argument for dismissal of the breach of contract claim is belied by the lease terms and deposition testimony.

### C. The George Units' Cross Motion

The George Units' cross motion for summary judgment is denied. Mr. Dishi's opposition based on timeliness is without merit. The cross motion is a mirror image of Mr. Dishi's motion (*Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 449 [1st Dept 2013]). However, since the Court granted summary judgment dismissing the third-party claims for contribution, common law indemnification, and contractual indemnification, the George Units' cross motion for summary judgment on those claims is denied. Likewise, the George Units has

156079/2019  MIRABAL POLANCO, PEDRO A. vs. GEORGE UNITS, LLC
Motion No. 002

Page 4 of 5

4 of 5

failed to meet its *prima facie* burden on its breach of contract claim for failure to procure insurance. It did not produce any applicable insurance policies which fail to name it as an additional insured, nor has it produced any correspondence from Mr. Dishi's insurer denying coverage, nor has it produced testimony from Mr. Dishi or his representatives stating the required insurance was not procured (*Dorset v 285 Madison Owner LLC*, 214 AD3d 402 [1st Dept 2023]).[2]

Accordingly, it is hereby,

ORDERED that Avi Dishi's motion for summary judgment is granted to the extent that the George Units, LLC's contribution, common law indemnification, and contractual indemnification claims asserted against him are dismissed; and it is further

ORDERED that Avi Dishi's motion for summary judgment is denied with respect to the George Units, LLC's breach of contract for failure to procure insurance claim; and it is further

ORDERED that The George Units LLC's cross motion seeking summary judgment on its Third-Party Complaint asserted against Avi Dishi is denied; and it is further

ORDERED that within ten days of entry, counsel for Third-Party Defendant Avi Dishi shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 7/14/2025 | | Mary V Rosado JSC |
|-----------|--|-------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|-------------------------|--|
| | ☐ GRANTED  ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[2] Upon the proper presentation of evidence at trial, the George Units may show entitlement to a verdict in its favor on its failure to procure insurance claim.

156079/2019  MIRABAL POLANCO, PEDRO A. vs. GEORGE UNITS, LLC
Motion No.  002

Page 5 of 5

5 of 5