Epps v Barfield Realty Corp. (2025 NY Slip Op 06251)

Epps v Barfield Realty Corp.

2025 NY Slip Op 06251

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 24205/20|Appeal No. 5163|Case No. 2024-04742|

[*1]Anthony Epps, Plaintiff-Respondent,
v
Barfield Realty Corp., Defendant-Appellant. 

John Ciurcina, Attorney at Law, LLC, Garden City (Louis R. Lombardi of counsel), for appellant.
Harris Keenan & Goldfarb PLLC, New York (Jason S. Steinberg of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered June 26, 2024, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this personal injury action, plaintiff sustained injuries when he tripped on a cracked, broken, and uneven step on the front stairway of a building owned by defendant. Defendant failed to establish prima facie that the dangerous condition of the steps was trivial as a matter of law (Trinidad v Catsimatidis, 190 AD3d 444, 444—445 [1st Dept 2021]). Photographs of the stairway reveal that the concrete step was worn down and had visible cracks (see Nin v Bernard, 257 AD2d 417 [1st Dept 1999]; Abreu v New York City Hous. Auth., 61 AD3d 420, 420—421 [1st Dept 2009]). Moreover, defendant's president, who testified that he was at the building six days a week, could not recall having the steps inspected or repaired prior to the accident and kept no records regarding the steps. Accordingly, defendant also failed to establish prima facie that it did not have constructive notice of the defects (see Carter v HP Lafayette Boynton Hous. Dev. Fund Co., Inc., 210 AD3d 580, 580 [1st Dept 2022]).
Since defendant failed to meet its prima facie burden on summary judgment, we need not consider plaintiff's opposition papers (see Trinidad, 190 AD3d at 445), including the expert affidavit, which plaintiff properly submitted under CPLR 3212(b). If considered, the expert affidavit would raise triable issues of fact as to whether defendant was negligent in maintaining the stairway.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025