Domogjoni v Korpenn LLC (2025 NY Slip Op 07092)

Domogjoni v Korpenn LLC

2025 NY Slip Op 07092

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Index No. 158520/13|Appeal No. 5417|Case No. 2018-4746|

[*1]Mikel Domogjoni etc., Plaintiff-Respondent,
vKorpenn LLC et al., Defendants, Schindler Elevator Corporation, Defendant-Appellant.

Sabatini & Associates, New York (Richard J. Sabatini of counsel), and Frost Brown Todd LLP, Indianapolis, IN (Kevin C. Schiferl of the bar of the State of Indiana, admitted pro hac vice, of counsel), for appellant.
Stefano A. Filippazzo, P.C., Brooklyn (Louis A. Badolato of counsel), for respondent.

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered on or about October 26, 2018, which, to the extent appealed from, denied defendant Schindler Elevator Corporation's cross-motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant, an escalator maintenance contractor, failed to establish its prima facie burden on summary judgment that it was not responsible for the alleged accident that occurred when the stopped escalator that plaintiff's decedent was walking down suddenly started shaking, causing him to fall and sustain injuries. Defendant's expert's affidavit failed to demonstrate that decedent's account of how the accident occurred was a "physical or mechanical impossibility" (Smith v Consolidated Edison Co. of N.Y., Inc., 104 AD3d 428, 429 [1st Dept 2013]; cf. Cinquemani v Otis El. Co., 179 AD3d 588, 588 [1st Dept 2020]). Furthermore, defendant's witnesses' testimony and work records failed to demonstrate an absence of actual or constructive notice of a defect in the escalator (see Carter v HP Lafayette Boynton Hous. Dev. Fund Co., Inc., 210 AD3d 580, 580 [1st Dept 2022]). Even if defendant met its initial burden, the parties' conflicting expert affidavits raised triable issues of fact, making an award of summary judgment inappropriate (see Trotman v Precision El. Corp., 233 AD3d 458, 459 [1st Dept 2024]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025